NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2011[*]
Decided October 20, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 11-1751 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | No. 10-CR-30043-001-MJR |
| *v.* | Michael J. Reagan,<br>*Judge.* |
| JAMES M. STROWDER<br>    *Defendant-Appellant.* | |

### O R D E R

From April to October 2009, James Strowder purchased crack in large quantities and resold it to street-level buyers. He pleaded guilty to conspiracy to possess and distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and to distribution of crack, *id*. § 841(a)(1). The two

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

distribution counts involved only small amounts of crack, but the amount attributable to Strowder for the entire conspiracy was 86 grams and thus triggered for the conspiracy count a statutory minimum prison term of 10 years under the version of § 841 in force when the crime was committed. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). The district court sentenced Strowder to the statutory minimum for the conspiracy (and imposed the same sentence on the other counts, to run concurrently), and on appeal Strowder argues that the court should have applied the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, under which his minimum prison sentence would have been five years. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. IV 2010).

The Fair Sentencing Act amended § 841(b)(1) by raising the amounts of crack mandating minimum prison sentences, and Strowder had urged the district court to sentence him according to those revisions because the legislation was enacted before his guilty plea. But the court reasoned, and we had held shortly before sentencing, that the amendments apply only to offenses committed after the legislation's enactment. *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011); *see United States v. Campbell*, No. 10-3002, 2011 WL 4436001, at *1 (7th Cir. Sept. 26, 2011); *United States v. Holcomb*, No. 11-1558, 2011 WL 3795170 (7th Cir. Aug. 24, 2011). Strowder recognizes that circuit precedent is against him, but presses his claim on appeal to preserve it for further review in the Supreme Court.

Accordingly, we **AFFIRM** the judgment of the district court.